**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

BELKIS CASTELLON, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

      v.

EL CHARRO BAKERY 1 CORP.
      d/b/a EL CHARRO BAKERY, and
ANTONIO AQUINO

                Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff BELKIS CASTELLON ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against EL CHARRO BAKERY 1 CORP. d/b/a EL CHARRO BAKERY ("Corporate Defendant") and ANTONIO AQUINO ("Individual Defendant" and together with the Corporate Defendant, "Defendants") and states as follows:

<u>**INTRODUCTION**</u>

1.     Plaintiff BELKIS CASTELLON alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages due to a fixed rate salary; (2) liquidated damages; and (3) attorneys' fees and costs.

1

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages due to a fixed rate salary; (2) unpaid minimum wages due to a fixed rate salary; (3) unpaid spread of hours premium; (4) liquidated damages; (5) statutory penalties; and (6) attorneys' fees and costs.

3.      Plaintiff further alleges on behalf of herself, and others similarly situated that Defendants willfully filed fraudulent information returns regarding Plaintiff, FLSA Collective Plaintiffs and Class members with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434.

4.      Plaintiff further alleges on behalf of herself, and others similarly situated, that Defendants breached their contract with Plaintiff, FLSA Collective Plaintiffs and Class members by failing to pay employer payroll taxes for Plaintiff, FLSA Collective Plaintiffs and Class members, as required by the Federal Insurance Contribution Act ("FICA").

5.      Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class members.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Corporate Defendants are headquartered in this District and because the events giving rise to this action took place in this District.

8.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26

U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

9.    Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class members.

## PARTIES

10.    Plaintiff BELKIS CASTELLON is a resident of Queens County, New York.

11.    Defendants own and operate a bakery under the trade name "El Charro Bakery" at 1427 Myrtle Avenue, Brooklyn, NY 11237.

12.    Corporate Defendant EL CHARRO BAKERY 1 CORP. d/b/a EL CHARRO BAKERY is domestic limited liability company organized under the laws of New York with a principal place of business at 1427 Myrtle Avenue, Brooklyn, NY 11237, and address for service of process at 1429 Myrtle Avenue, Brooklyn, NY 11237.

13.    Individual Defendant ANTONIO AQUINO is the owner and president of EL CHARRO BAKERY 1 CORP., which operates El Charro Bakery. Defendant ANTONIO AQUINO exercised functional control over the business and financial operations of Corporate Defendant and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, ANTONIO AQUINO exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire; (ii) determine rate and method of pay; (iii) supervise and control employee work schedules or conditions of employment; (iv) maintain employment records; and (v) otherwise affect the quality of employment. ANTONIO AQUINO had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class members.

14.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

16.     At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

17.     At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL § § 2 and 651.

18.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former fixed-salary employees (including, but not limited to, cashiers, bakers, dough makers, pastry chefs, cake decorators, dishwashers, stockers, porters) employed by Defendants on or after the date that is 6 years before the filing of this Complaint ("FLSA Collective Plaintiffs").

20.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages owed, including: (i) unpaid overtime wages due to a fixed rate salary; (ii) liquidated damages; and (iii) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

21.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

22.     Plaintiff brings claims under NYLL for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former fixed-salary employees (including, but not limited to, cashiers, bakers, dough makers, pastry chefs, cake decorators, dishwashers, stockers, porters) employed by Defendant on or after the date that is 6 years before the filing of this Complaint (the "Class" or "Class members").

23.     At all relevant times, Plaintiff and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay all wages owed due to a policy of time shaving.

24.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

26.     Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants of: (i) unpaid overtime wages due to a fixed rate salary; (ii) unpaid minimum wages due to a fixed rate salary; (iii) failing to provide wage notices to Class Members, at the date of hiring and annually thereafter, per requirements of the NYLL; and (iv) failing to provide proper wage statements per requirements of the NYLL.

27.     Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class members in violation of the NYLL.

28.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

30.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31.    Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions

provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

32.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d)    Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

e)    Whether Defendants paid Plaintiff and Class members proper wages for all hours worked, including overtime hours;

f)    Whether Defendants paid Plaintiff and Class members on a fixed salary;

g)    Whether Defendants paid Plaintiff and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of 40 each workweek;

h)    Whether Defendants paid Plaintiff and Class members the proper minimum wages;

i)    Whether Defendants paid Plaintiff and Class members spread of hours premiums, as required under the NYLL;

j)    Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the NYLL;

k)    Whether Defendants provided proper wage notices to Plaintiff and Class members per requirements of the NYLL;

l)    Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class; and

m)    Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked.

## STATEMENT OF FACTS

33.    In or around 2015, Plaintiff BELKIS CASTELLON was employed by Defendants as a cashier at Defendants' El Charro Bakery at 1429 Myrtle Avenue, Brooklyn, NY 11237.

34.    Throughout Plaintiff's employment with Defendants, Plaintiff worked 6 days per week for 12 hours per day, with varying days and times scheduled, for a total of 72 hours per week. FLSA Collective Plaintiffs and Class members worked a similar number of hours each week.

35.    Throughout Plaintiff's employment with Defendants, Plaintiff was paid at a fixed salary rate, and was paid this fixed amount in both cash and check on a weekly basis, regardless of how many hours she worked in a workweek. There was never any agreement between Plaintiff and Defendants that this fixed salary would cover overtime hours. From her discussions with co-workers, Plaintiff learned that other employees of Defendants were also compensated in cash and check on a fixed salary basis regardless of the number of hours they worked in a workweek. There was no agreement between Class members and Defendants that this fixed salary would cover overtime hours.

36.    From the start of her employment until in or around January 2022, Plaintiff was compensated at a fixed salary rate of $751 every week, separated into two payments of $500 in cash and $251 in check, regardless of how many hours she worked in a workweek. From in or around January 2022 until the end of her employment, Plaintiff was compensated at a fixed salary rate of $858 every week, separated into two payments of $600 in cash and $258 in check, regardless of how many hours she worked in a workweek. FLSA Collective Plaintiffs and Class members were paid at similar fixed salaries in cash and check.

37.    As a result of Defendants compensating Plaintiff on a fixed salary basis, Plaintiff's effective hourly rate was always below New York State minimum wage. From the start of her

employment until in or around January 2022, Plaintiff was paid at a rate of approximately $10.43 per hour when she worked her regular schedule, which was 72 hours per week. From in or around January 2022 until the end of her employment, Plaintiff was paid at a rate of $11.92 per hour. As a result, at all times, Defendants compensated Plaintiff below the statutory minimum wage rate. FLSA Collective Plaintiffs and Class members were similarly compensated at hourly rates far below the statutory minimum wage rate.

38.    Throughout her employment with Defendants, Plaintiff was never paid proper overtime wages for her hours worked over 40 in a workweek, because Defendants compensated her at a fixed amount every week, regardless of how many hours she worked. Therefore, Plaintiff's overtime rates were the same as her standard rates above, $10.43 and $11.92 per hour, which are already less than the minimum wage.

39.    Additionally, throughout Plaintiff's employment, Plaintiff and Class members regularly worked shifts exceeding 10 hours in duration, but Defendants have failed to pay Plaintiff or Class members their spread of hours premiums for these shifts, as required by the NYLL.

40.    As a result of Defendants' paying Plaintiff, FLSA Collective Plaintiffs, and Class members in checks and cash, Defendants failed to provide Plaintiff, FLSA Collective Plaintiffs, and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs, and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5,000 to Plaintiff, FLSA Collective Plaintiffs, and Class members for each fraudulent filing, which would have to be at least once a year.

41.     In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff, FLSA Collective Plaintiffs, and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

42.     Defendants also unjustly enriched themselves at the expense of Plaintiff, FLSA Collective Plaintiffs, and Class members by retaining monies that should have been remitted to the IRS on behalf of Plaintiff, FLSA Collective Plaintiffs, and Class members.

43.     As a result, Plaintiff, FLSA Collective Plaintiffs, and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

44.     The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff, FLSA Collective Plaintiffs, and Class members 7.65% of all their earnings from Defendants beginning 6 years prior to the filing of this Complaint.

45.     Defendants are liable to Plaintiff, FLSA Collective Plaintiffs, and Class members for failing to pay FICA taxes for the wages earned by Plaintiff, FLSA Collective Plaintiffs, and Class members.

46.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising

employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

47.    Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

48.    Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked, including overtime, due to a policy of paying a fixed salary.

49.    Defendants knowingly and willfully operated their business with a policy of paying Plaintiff and Class members below the New York state minimum wage.

50.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class members their spread of hours premiums for shifts exceeding 10 hours in duration.

51.    Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the NYLL.

52.    Defendants knowingly and willfully failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

53.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

54.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

55.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

57.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

58.     At all relevant times, Defendants had a policy and practice of failing to pay all wages, including overtime, for all hours worked to Plaintiff and FLSA Collective Plaintiffs due to a policy of compensating employees on a fixed salary basis.

59.     At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of 40 per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay.

60.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

61.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, when Defendants knew or should have known such was due.

62.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

63.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

64.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to being compensated on a fixed salary; plus an equal amount as liquidated damages.

65.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

66.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

67.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

68.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class members the full amount of wages, including overtime, due under the NYLL.

69.     Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek due to a policy of compensating employees on a fixed salary basis.

70.     Defendants willfully violated the rights of Plaintiff and Class members by paying them at rates below the New York State minimum wages.

71.     Defendants knowingly and willfully failed to pay Plaintiff and Class members their spread of hours premiums for shifts lasting longer than 10 hours in duration due to a policy of misclassifying them as exempt, in violation of the NYLL.

72.     Defendants knowingly and willfully failed to provide Plaintiffs and Class members with proper wage statements as required under the NYLL.

73.     Defendants knowingly and willfully failed to provide Plaintiffs and Class members with proper wage and hour notices as required under the NYLL.

74.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, including overtime, due to a fixed salary; unpaid minimum wages due to a fixed salary; unpaid spread of hours premiums; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## COUNT III

### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

75.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

76.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

77.     By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs, and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

78.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

79.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff, FLSA Collective Plaintiffs, and the Class for reasonable attorney's fees.

### COUNT IV

### BREACH OF CONTRACT

80.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows.

81.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything

which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract].” *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

82.    When Plaintiff, FLSA Collective Plaintiffs and Class members accepted offers of employment from Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff, FLSA Collective Plaintiffs and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty to abide by the Internal Revenue Code and pay all required FICA taxes.

83.    Defendants breached this duty when they decided to pay Plaintiffs, FLSA Collective Plaintiffs and Class members in cash without withholdings or deductions, and not file proper W-2 forms. As a result, Plaintiff and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf, but did not.

## COUNT V

## UNJUST ENRICHMENT

84.    Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

85.    To state a claim for unjust enrichment, a plaintiff must allege that: “(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered.” *Georgia Malone &*

*Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

86.    Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members because they will either: (1) be liable to the IRS for the employer's share, or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

87.    Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff, FLSA Collective Plaintiffs and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of, Plaintiff and Class members;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid overtime wages due under the FLSA and the NYLL;

e.   An award of unpaid minimum wages due under the NYLL;

f.   An award of unpaid spread of hours premiums, pursuant to the NYLL;

g.   An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

h.   An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

i.   Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

j.   Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

k.   An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.   Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

m.   Designation of this action as a class action pursuant to F.R.C.P. 23;

n.   Designation of Plaintiff as Representative of the Class; and

o.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: May 23, 2023                          Respectfully submitted,

                                             **LEE LITIGATION GROUP, PLLC**

                               By:    _/s/ C.K. Lee_____
                                      C.K. Lee, Esq. (CL 4086)

                                      148 West 24th Street, 8th Floor
                                      New York, NY 10011
                                      Tel.: (212) 465-1188
                                      Fax: (212) 465-1181
                                      *Attorneys for Plaintiff,*
                                      *FLSA Collective Plaintiffs,*
                                      *and the Class*